# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARLOS RIGGINS,

    Petitioner,

-vs-                                    Case No. 8:04-CV-0039-T-27EAJ

JAMES McDONOUGH,[1]

    Respondent.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 1995 conviction for first degree murder and attempted robbery entered by the Sixth Judicial Circuit Court, Pinellas County, Florida. Respondent has filed a response to the petition (Dkt. 11) and Petitioner has filed a reply thereto (Dkt. 16). The matter is now before the Court for consideration on the merits of the Petition. A recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

---

[1] James McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

**Evidentiary Hearing**

To be entitled to an evidentiary hearing on habeas claims, the petitioner must allege "facts that, if proved at the hearing, would entitle petitioner to relief." *Breedlove v. Moore,* 279 F.3d 952, 960 (11th Cir. 2002) (citation omitted). An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a). *See Atwater*

*v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").

## Discussion

### Ineffective Assistance of Counsel

In Grounds Four, Five, and Six, Petitioner's raises ineffective assistance of counsel claims. To establish a prima facie claim of ineffective assistance of counsel at trial, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Because the ultimate resolution of ineffective assistance of counsel claims is a mixed question of law and fact, *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001); *Meeks v. Moore*, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir. 2001). State court findings of historical facts made in the course of evaluating an ineffectiveness claim are, however, subject to a presumption of correctness under 28 U.S.C. § 2254(e) unless the

petitioner demonstrates by clear and convincing evidence that they are incorrect, *see Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), a burden that Petitioner has failed to carry. *See* § 2254(e)(1).

The trial court set forth the correct standard of review for an ineffective assistance of counsel claim (Dkt. 14, Ex. 27 at 1). Thus, to be entitled to relief under § 2254, Petitioner must establish that the trial courts's application of the *Strickland* standard in reaching the determination that the claims raised in his Rule 3.850 motion lack merit was objectively unreasonable or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d).

## Ground Four

In Ground Four, Petitioner faults trial counsel for not investigating and presenting a defense of voluntary intoxication. Under then-applicable state law,[2] voluntary intoxication was an affirmative defense that required the defendant to come forward with evidence of intoxication at the time of the offense sufficient to establish that he was unable to form the intent necessary to commit the crime charged. *Dufour v. State,* 905 So. 2d 42, 52 (Fla. 2005); *Linehan v. State,* 476 So. 2d 1262, 1264 (Fla. 1985).

This claim was raised and rejected following an evidentiary hearing in Petitioner's Rule 3.850 proceedings. In its order denying the motion, the trial court found as follows:

> Defendant alleges that counsel was ineffective for failing to pursue a defense of voluntary intoxication. Defendant argues that he told counsel he had been drinking heavily and smoking marijuana on the day that the victim was shot. Defendant alleges that counsel told him intoxication was not a defense to robbery.

---

[2]The Florida legislature abolished the voluntary intoxication defense as of October 1, 1999. See § 775.051, Fla. Stat. (1999).

-4-

> *In its response, [t]he State argues that Defendant offered no proof that a defense of voluntary intoxication would have been viable in his case. See Panagiotakis v. State, 619 So.2d 345 (Fla. 2d DCA 1993). The State argues to the contrary that voluntary intoxication would not have been a viable defense and Defendant has not established prejudice. The State points out that Defendant claimed he and his uncle Larry Riggins were smoking marijuana and drinking the morning of the shooting, however, Larry Riggins made no mention of this in his sworn statement. See Exhibit A. In addition, Defendant's girlfriend Vanessa Mop gave a sworn statement that Defendant was not drunk on the day in question and does not use drugs. See Exhibit B. What the record reflects is a sworn statement by Riggins' girlfriend that she saw him drink, but Riggins was not drunk on the date in question and he did not use drugs. Delores Meriedy, who reportedly saw Defendant Riggins shortly after the shooting stated that Defendant did not appear impaired. See Exhibit C. All three of these sworn statements were made part of the court file. The State also relies on excepts from the depositions of Ronald Adams and Steven Aspinall from the St. Petersburg Police Department, which also tend to refute Defendant's assertion that he was so intoxicated that he could not form the specific intent to commit the crimes. See Exhibit D and E. In addition, witness Vernon Miller testified at trial that Defendant told him he went to the store to get a cigar and a soda rather than a cigar and beer as Defendant now claims in his motion. See Exhibit F.*
>
> *The court agrees that it is unlikely that a voluntary intoxication defense would have bene viable given the statements made by witnesses involved in the case. Defendant, therefore, fails to demonstrate how he was prejudiced.*

Dkt. 14, Ex. 29 at 1-2.

The theory of Petitioner's defense at trial was that he shot the victim in self-defense. Under Florida law, trial counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *See Squire v. State*, 558 So. 2d 401, 403 (Fla. 1990) (citing *Strickland*, 466 U.S. at 691). When trial counsel has reason to believe that pursuing certain investigations would be fruitless, counsel's failure to pursue those investigations may not later be challenged as unreasonable. *See id.* Likewise, Florida courts recognize that strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct.

*See Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000). Here, trial counsel asserted that Petitioner acted in self-defense, portraying the victim as the aggressor in their confrontation.

Petitioner contends that he informed trial counsel that he had been drinking heavily and smoking marijuana shortly before the offense of conviction. He fails, however, to point to anything in the record that supports finding that he could assert a legally sufficient claim of voluntary intoxication, particularly given Ms. Mop's testimony that when he came to her apartment that morning after the liquor stores had opened, he was not using drugs and he drank half of one beer. According to Ms. Mop, Petitioner was not intoxicated when he left her apartment.

The shooting occurred at approximately 12:45 p.m. According to Petitioner, he told trial counsel that he and his uncle were drinking and "smoking marijuana at home until a liquor store was open so that they could buy . . . more alcohol. Upon buying more alcohol, Petitioner and his uncle . . [went] to the apartment of . . the girlfriend of Petitioner. . . While inside the apartment, Petitioner and his uncle started to drink and smoke more reefer. The Petitioner made trial counsel aware of the argument between he and his girlfriend prior to leaving [the] apartment." Dkt. 2 at 21.

As noted by the trial court in its order denying this claim, there is record evidence that refutes the allegations in Petitioner's claim of intoxication. Under the circumstances, it was objectively reasonable to conclude there was no reasonable probability of a different outcome had trial counsel promoted a voluntary intoxication defense on Petitioner' behalf.

### Ground Five

In Ground Five, Petitioner faults trial counsel for not objecting to evidence he characterizes as highly prejudicial and unnecessary hearsay. Specifically, Petitioner

*complains that trial counsel should have objected when Officer Adams testified about how he became involved in Petitioner's case.* Petitioner objects to the following testimony given by Officer Adams:

> I was working in plain clothes, unmarked vehicle. I was working the area of 11th Avenue South and 16th Street. I was working on another channel.
>
> A dispatcher came over the radio and advised us with information that we've got uniform units responding to a person shot at Conway's Grocery, 1906 9th Avenue South. Well, since we were just a couple of blocks away, we all switched over to the channel and I responded to the call for a person being shot.

Dkt. 2 at 25. Petitioner contends that "the inclusion of the description of the alleged crime, which Petitioner was convicted of was not only unnecessary but highly prejudicial," citing *Van Pullen v. State*, 622 So. 2d 19 (Fla. 4th DCA 1993) (holding that although there are circumstances in which some of information in dispatch to police officers is admissible to explain why officers were at particular place at particular time, arresting officer's statement that he had been advised to be on lookout for suspects regarding possible rape and abduction was not only unnecessary, but highly prejudicial).

Petitioner raised this claim in his Rule 3.850 motion. In rejecting the claim, the trial court found as follows:

> Defendant alleges that counsel was ineffective for failing to object to highly prejudicial and unnecessary hearsay evidence. Specifically, Defendant argues that counsel should have objected when Officer Adams, of the St. Petersburg Police, testified that he was advised by a dispatcher that a person was shot at Conway's Grocery. *See Exhibit A: Excerpts from Trial Transcript (pg. 381)*. Defendant argues that this testimony was hearsay and contained an implicit accusation. Defendant, however, fails to demonstrate how he was prejudiced under this ground. Contrary to Defendant's contention, information that someone was shot does not automatically imply guilt. It could have been an accidental shooting, a shooting in self-defense or even a self-inflicted shot. The term "shot" is more descriptive than conclusive. It is undisputed that the victim was shot. The question was whether or not the victim was murdered. This claim is denied.

Dkt. 27 at 2.

Petitioner did not dispute that the victim was shot, arguing instead that he acted in self-defense. As Respondent argues, Officer Adams's testimony that he responded to the shooting did not imply Petitioner's guilt of the charged offenses. Moreover, in view of the eyewitness account of the victim's wife, who saw her husband mortally shot, it can be reasonably concluded that there was no reasonable probability of a different outcome had counsel objected to Officer Adams's testimony. Trial counsel is not ineffective for failing to make meritless objections.

## Ground Six

In his final claim of ineffective assistance of counsel, Petitioner faults trial counsel for not requesting an instruction on petit theft as a lesser offense to his original charge of armed robbery. During the charge conference, trial counsel advised the trial court that there was no evidence to support a petit theft charge. Petitioner argues, to the contrary, that there was evidence to support such an instruction because Vera Conway, the victim's wife, testified that when Petitioner entered the store he stated "give it up." According to Petitioner, when the robber said "give it up," he did not specifically demand from the victim that he give up his money or gun.

This claim was raised and rejected in Petitioner's Rule 3.850 proceeding, with the trial court finding as follows:

> Defendant alleges that counsel was ineffective for failing to request an instruction for petit theft as a lesser included offense of the charge of armed robbery. Defendant fails to demonstrate how he was prejudiced. The jury found Defendant guilty of attempted robbery with a firearm. *See Exhibit B.* The victim's wife, Vera Conway, supported the finding that a firearm was used. *See Exhibit A (pp. 286-287).* Defendant has not shown a likelihood that the jury would have found him guilty of petit theft had it been included on the verdict form.

Dkt. 14, Ex. 27 at 2-3. In *Sanders v. State*, the Florida Supreme Court held that trial counsel's failure to request a lesser-included offense does not create a reasonable probability that the jury, given the opportunity, would have returned a guilty verdict only as to the lesser offense. 946 So. 2d 953, 960 (Fla. 2006) (citing *Strickland*, 466 U.S. at 693-94). Under both Florida and federal law, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693; *Sanders*, 946 So.2d at 956. As *Strickland* cautions:

> An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, "nullification," and the like. A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed. The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision. It should not depend on the idiosyncracies of the particular decisionmaker, such as unusual propensities toward harshness or leniency.

*Strickland*, 466 U.S. at 694-95.

As Respondent contends, this claim also fails under the deficiency prong of the *Strickland* test. Given the State's evidence establishing that Petitioner was armed when he entered the victim's grocery store, an instruction on petit theft was not a necessarily included offense. A reasonably competent attorney could conclude that the trial court was not obliged to give the proposed instruction on the proposed lesser offense. Petitioner speculates as to a more favorable outcome, but he fails to show actual prejudice, conceding that there was evidence adduced by the state which showed an attempt to take money from the victim, and overlooking the evidence that showed he used a firearm in said attempt.

The testimony of the victim's wife established that Petitioner confronted the victim at gunpoint in an attempt to take property by force. The Court concludes that Petitioner

has not shown that there was a reasonable probability of a different outcome had trial counsel performed differently during the jury charge conference.

## Application of the Standard of Review

The standard for ineffective assistance of counsel, as enunciated in *Strickland v. Washington* is "clearly established" Supreme Court law. *Williams*, 529 U.S. at 390-91. After a review of the State's response to Petitioner's Rule 3.850 motion and Petitioner's reply thereto, the trial court denied Petitioner's motion. In so doing, the trial court correctly identified and applied the *Strickland* standard (Dkt. 14, Ex. 27 at 1). Petitioner has not demonstrated that the trial court's adjudication of his ineffective assistance of counsel claims resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254.

**Procedural Default**

**<u>Grounds One, Two and Three</u>**

Because these three grounds suffer from the same infirmity, they will be discussed together. In Ground One, Petitioner contends the trial court erred in granting the state's motion in limine and excluding testimony that the victim allegedly had a "habit" of "pulling guns on young black individuals." Petitioner argues that the excluded testimony would have supported the defense's theory the victim initiated the confrontation and Petitioner did not attempt to rob the victim. Petitioner asserts in Ground Two that the trial court erred in allowing the prosecutor to play a tape recording of the 911 call made by the victim's wife. According to Petitioner, the 911 call constituted inadmissible hearsay. Petitioner further contends that the recording of the 911 call was cumulative evidence, the probative value

-10-

of which outweighed its prejudicial impact. Finally, in Ground Three, Petitioner contends the trial court erred in denying trial counsel's motion for a mistrial based on improper remarks made by the prosecutor during closing arguments.

Respondent contends that these claims are not cognizable under § 2254 because they raise issues of state law only. Respondent is correct. Moreover, even if federal claims were made, it is apparent that Petitioner has not exhausted those claims in state court. Exhaustion of the federal dimension of claims is a statutory requirement that the State did not expressly waive in this case. *See* 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."). *See also McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (holding that the district court erred in finding that because the state failed to argue the procedural bar, the bar was waived and proceeded to consider the merits of the petitioner's claim).

In *Duncan v. Henry*, the Supreme Court held, clearly and unambiguously, that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, *he must say so*, not only in federal court, but in state court." 513 U.S. 364, 365-366 (1995) (emphasis added). As clarified more recently in *Baldwin v. Reese*, a decision focusing upon the requirement that a petitioner for federal habeas relief "fairly present" his claims in state court, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" 541 U.S. 27, 32 (2004). Even if the state court could have identified and addressed the federal question without its having been raised, the

petitioner is not relieved of the burden to raise the federal dimension of his claim in the state court for consideration on the merits. *See Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005).

Like Reese, Petitioner did not "fairly present" the federal dimension of these three claims of trial court error to the state courts. The brief he filed in the appellate court on direct appeal did not indicate in any way that Petitioner's complaint was grounded on federal law or the federal constitution. To the contrary, these issues were raised on direct appeal in state law terms only.[3] These claims are thus not properly exhausted in state court. *See* 28 U.S.C. § 2254(b).

Petitioner has failed to satisfy the requirement that he give the state court an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (citation omitted). *See also Engle v. Isaac*, 456 U.S. 107, 129 (1982). A petitioner's claims or portions of claims that are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Here it would be futile to dismiss this case to give Petitioner the opportunity to exhaust his claims because they could have and should have been raised on direct appeal. *See* Fla. R. Crim. P. 3.850(c).[4] Because Petitioner did not present the federal dimension of his claim to the highest state court, it has not been exhausted and is now procedurally barred at the state level.

---

[3]Petitioner raised one federal claim in his appellate brief, arguing that the prosecutor improperly commented on his right to silence by pointing out that he did not tell the 911 operator with whom he spoke just after the incident his version of the shooting. Petitioner cites *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Doyle v. Ohio*, 426 U.S. 610 (1976) in support of this subclaim. Petitioner did not, however, raise this issue in his § 2254 petition.

[4]Under Fla. R. Crim. P. 3.850(c), "grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal" are procedurally barred from collateral review.

A federal habeas court may review the merits of a petitioner's claims despite a procedural bar if he can show both "cause for the default and prejudice attributable thereto" or that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception, *see Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Here, Petitioner offers no reason for his failure to raise the federal nature of this claim on appeal, and the Court discerns none that would amount to good cause to overcome a state procedural default.

The exception to the "cause-and-prejudice" requirement recognized in *Sykes* providing that the standard developed therein would not bar habeas relief for a victim of a "miscarriage of justice" is also unavailing to Petitioner's cause. *See id.* Petitioner does not assert that he has "new" reliable evidence of factual innocence, *see Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001), and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of these claims. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Because Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists," *see Hill v. Jones*, 81 F.3d 1015, 1023 (11th Cir. 1996), it would be improper for this Court to address the merits of Grounds One, Two, and Three, *see Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

**ACCORDINGLY**, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

    2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

    **ORDERED** in Tampa, Florida, on *March 30th*, 2007.

                           JAMES D. WHITTEMORE
                            United States District Judge

<u>Copies furnished to:</u>
Petitioner, *pro se*, Counsel of Record